GERALD A. and BONNIE L. CHICOINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chicoine v. Commissioner
Docket No. 9302-81.
United States Tax Court
T.C. Memo 1984-45; 1984 Tax Ct. Memo LEXIS 624; 47 T.C.M. (CCH) 980; T.C.M. (RIA) 84045; January 30, 1984. Gerald A. Chicoine, pro se. Genelle F. Schlichting, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(a) [1]
1977
$6,262.00
$313.10
1978
6,197.00
309.85
1979
4,839.59
241.98
After concessions, the issues for decision are: (1) Whether petitioners are entitled to charitable contribution deductions as claimed on their returns; and (2) Whether petitioners are liable for the section 6653 (a) negligence addition to tax. FINDINGS OF *625 FACT Some of the facts have been stipulated and are found accordingly. Gerald A. Chicoine (hereinafter petitioner) and Bonnie L. Chicoine, husband and wife (collectively referred to as petitioners), resided in Sioux City, Iowa, when they filed their petition in this case. Throughout the years in issue, petitioner was a chiropractor who conducted his business as a professional corporation. The salary petitioner received from his professional corporation comprised the majority of the gross income that petitioners reported during each of the years in issue. During 1977, petitioner established the "Life Science Church of Sioux City, Iowa," (hereinafter the Church) and designated himself as trustee. In November 1977, petitioner established checking and savings accounts at the Security National Bank of Sioux City, Iowa, in the Church's name. Petitioner and his wife had signature rights on the checking account, and petitioner alone had signature rights on the savings account. Petitioner also maintained a personal checking account at the Security National Bank. Throughout the years in issue, petitioner deposited his salary in his personal checking account, then withdrew funds *626 from this account and deposited them to the Church's checking account. The funds deposited to the Church's checking account were used by petitioner to pay for automobile, medical, dental, hospital and certain clothing expenses, as well as for utilities and furnishings of the "Church headquarters" which was petitioners' personal residence. The following chart shows the amount of contributions to the Church that petitioners deducted as charitable contributions during each of the years in issue: Contributions
Year
to Church
1977
$18,150.00
1978
19,802.00
1979
14,838.78
Respondent disallowed the charitable deductions in their entirety on the ground that petitioner's payments to the Church did not constitute charitable contributions within the meaning of section 170(c) because the Church was not operated exclusively for religious purposes and the funds inured to the private benefit of the petitioners. OPINION To qualify for a charitable contribution deduction, petitioner must prove that he made contributions to a "corporation, trust, or community chest, fund, or foundation" which is "organized and operated exclusively for religious, charitable, scientific, *627 literary, or educational purposes" provided that, among other requirements, none of its earnings inure to the benefit of a private individual. Section 170(c). Petitioners bear the burden of proving that they are entitled to the charitable deductions. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). We find that petitioners have not carried their burden of proof. The record contains little information regarding the purposes for which the Church was organized. Petitioner introduced no documents regarding the organization of the Church, and the record is devoid of specific information that would suggest the Church performed charitable services. What evidence is available suggests that the Church was not operated exclusively for a charitable purpose because the net earnings of the Church inured primarily to petitioners' benefit. Petitioner testified that he had ultimate control over the funds deposited to the Church's checking account. Moreover, we have found that the Church provided petitioners with a car allowance and paid petitioners' medical, dental, and certain clothing expenses, as well as the expenses of their *628 personal residence. Under these circumstances, we find that the net earnings of the Church inured primarily to petitioners' benefit, and we hold that petitioners are not entitled to any charitable contribution deduction for amounts transferred to the Church's checking account. Stephenson v. Commissioner,79 T.C. 995, 1002-1003 (1982), on appeal (6th Cir., June 7, 1983); McGahen v. Commissioner,76 T.C. 468, 482-483 (1981), affd. in unpublished opinion (3rd Cir. 1983). With regard to the negligence additions to tax, petitioners bear the burden of proving that no part of any underpayment was due to negligence or intentional disregard of the rules and regulations. Rule 142(a), Tax Court Rules of Practice and Procedure.Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner presented no evidence to refute respondent's determination of negligence, and it is difficult to imagine that a well educated individual like petitioner would honestly believe that he was entitled to charitable contribution deductions for amounts that never left his possession land control. Accordingly, we sustain the section 6653(a) additions to tax. *629 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩